SPRINGDALE CORPORATION, A CORPORATION, AND WIL-
LIAM T. VANDERLIPP, PLAINTIFFS-APPELLANTS, v.
FIDELITY UNION TRUST COMPANY, A CORPORATION,
DEFENDANT-RESPONDENT.

Argued October 24, 1938—Decided January 13, 1939.

For the plaintiffs-appellants, *Andrew Foulds, Jr.*

For the defendant-respondent, *Hood, Lafferty & Campbell*
(*Charles Danzig,* of counsel).

The opinion of the court was delivered by

Wells, J. This is an appeal from an order entered in the Essex County Circuit Court striking out a complaint filed by the Springdale Corporation, hereinafter called the Corporation, and William T. Vanderlipp seeking relief under the Declaratory Judgment act.

The Corporation, of which Vanderlipp is the president and principal stockholder, owns a certain apartment house in Newark. A mortgage on said premises is held by the Fidelity Union Trust Company, as trustee. Under the terms of an agreement with a previous owner, the defendant Fidelity Union Trust Company, individually and not as trustee, was empowered to collect rents from the apartment house, and had appointed Vanderlipp as its agent for this purpose.

On February 23d, 1937, the defendant Trust Company notified Vanderlipp of the termination of his agency. On February 27th, 1937, the Corporation notified the defendant Trust Company of the termination of its authority to collect rents. On March 1st, 1937, Vanderlipp received as rent from various tenants the amount of $1,155, which sum he now holds.

The plaintiffs, alleging a dispute between the Corporation and the Trust Company as to their rights in the funds held by Vanderlipp, filed their complaint asking the Essex County Circuit Court to enter a declaratory judgment determining who was entitled to receive the moneys. The defendant opposed the action by a motion to strike the complaint, and from an order sustaining the motion this appeal is taken by the plaintiffs.

Generally, the grounds of appeal attack two propositions of law relied on for the motion in the lower court; (1) that by nature the plaintiffs' action is equitable and without the jurisdiction of the Circuit Court; (2) that the plaintiffs have an available remedy in interpleader and are therefore not entitled to relief under the Declaratory Judgment act.

The Declaratory Judgment act (R. S. 2:26-6) is declared by its own terms to be remedial, and to have for its purpose the affording of relief from uncertainty and insecurity with respect to legal relations.

Section 2:26-68 provides as follows:

"All courts of record in this state shall, within their respective jurisdictions, have power to declare rights, status and other legal relations, whether or not further relief is or could be claimed; and no action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for."

Although the authority to enter declaratory judgments is given to all courts of record, such authority can be exercised by the courts only "within their respective jurisdictions." Thus, it has been repeatedly held that Chancery has no jurisdiction to grant declaratory judgments as to rights purely legal, and a similar rule would naturally follow as to courts of law. *Paterson* v. *Currier*, 98 *N. J. Eq.* 48; *Moresh* v. *O'Regan*, 122 *Id.* 388.

Both the Corporation and the Trust Company may have a legal action against Vanderlipp for money had and received. However, it is not these respective rights which are the subject of inquiry. The gravamen of the complaint is that Vanderlipp holds certain moneys owing to one of two parties, and is unable to determine to whom payment should be made. Whatever rights Vanderlipp may have under the circumstances, they are certainly not within the jurisdiction of a court of law. Furthermore, since the moneys are still in Vanderlipp's possession, it is quite clear that the Corporation, as joint plaintiff, has no legal right to be determined as against the defendant Trust Company.

Since the complaint did not ask for a declaration as to a legal right, it presented no issues which were within the jurisdiction of the Essex County Circuit Court, and the motion to strike was properly allowed. This conclusion is dispositive of this appeal and the judgment of the court below is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 16.

*For reversal*—None.